# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD E. METZGER,

          Plaintiff,

   -vs-

Case No. 04-C-1166

JO ANNE B. BARNHART,
**Commissioner of Social Security,**

          Defendant.

## DECISION AND ORDER

This matter comes before the Court on Donald Metzger's ("Metzger") appeal of the Social Security Commissioner's denial of his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Metzger initially filed his application in July 1998 alleging disability due to high blood pressure, heart failure, and borderline diabetes. In 1999, an Administrative Law Judge ("ALJ") initially found that Metzger was not disabled, but the Appeals Council vacated and remanded the case for further proceedings.

A second hearing was eventually held on April 1, 2004. ALJ Maren Dougherty found that Metzger retained the residual functional capacity ("RFC") to perform work that did not require lifting more than twenty pounds occasionally or ten pounds frequently. Accordingly, the ALJ found that Metzger could perform his past relevant work in sales, and his claim for benefits was denied. The Appeals Council denied review, and Metzger appealed to this Court for judicial review.

For the reasons that follow, the Commissioner's decision is affirmed.

## BACKGROUND

Metzger was born in June 1936. He completed three years of high school but did not graduate or obtain a GED. Metzger's only relevant work experience was from 1975 to 1996 as a salesman and vice president for Modern Building Materials, selling precast concrete manhole covers. Metzger was let go from his sales job in 1997 because his sales were slipping, and his job required him to work ten to twelve hour days and to drive constantly. Plaintiff alleged total disability due to fatigue, vision problems, difficulty concentrating, headaches, shortness of breath without chest pain, neck pain radiating into his left arm and hip pain with prolonged standing.

At the initial hearing in 1999, plaintiff testified that he could sit without limitation, but estimated that he could only stand for ten or fifteen minutes at a time and lift no more than ten or twenty pounds. Plaintiff testified that he spent approximately six hours per day doing various activities, including helping clean the house, working in his office, pulling weeds, gardening, fixing things around the house, mowing the lawn with a riding mower with a break in the middle, reading the paper and making phone calls.

Edward Pagella testified as a vocational expert ("VE") at the initial hearing. Pagella testified that Metzger's past relevant work in sales was performed at the light exertional level and was semi-skilled to skilled in nature. He also testified that an individual could perform plaintiff's sales job if limited to work that required lifting twenty pounds occasionally and ten pounds frequently and allowed him to alternate between sitting and standing every half hour. Tr. 69.

In 2002, Metzger underwent a psychological evaluation with Robert Gordon, Ph.D.. Testing placed Metzger in the low average to average range of intelligence and showed above-average concentration and no impairment in memory. Plaintiff reported restless sleep, headaches a couple times per week and some depression, although he denied crying spells. During the examination, plaintiff's wife reported that Metzger collected eggs, did minor repair work on the farm machinery, mowed the lawn, fed the ducks and hens and enjoyed reading magazines about antique cars. She also reported that he socialized with friends approximately twice a month, occasionally went to the casino with her to play poker and enjoyed swimming in their daughter's pool. Dr. Gordon opined that Plaintiff had "no appreciable emotional or cognitive limitations."

On October 24, 2003, Dr. Julian Freeman, M.D., reviewed Metzger's medical records and assessed his impairments and limitations. Dr. Freeman's initial review of the medical data and clinical exam findings provided "very little basis to either diagnoses [sic] of medical pathology, or resultant limitations." Tr. 507. He further noted that the "usually reliable" diagnostic testing results were in "marked contrast" to the clinical results, which were all essentially negative. *Id.* Dr. Freeman ultimately opined as follows: (1) Metzger had no sitting limitations; (2) he could walk and stand no more than four to five hours a day in periods of up to ½ hour, on level ground at a slow pace; (3) he could rarely lift twenty pounds, occasionally lift up to ten pounds and frequently lift up to five pounds; (4) he could only rotate his neck on a rare basis; and (5) he could have only very rare exposure to high levels of vibration such as with operation of heavy machinery or power tools. He also opined

that general fatigue would impact on plaintiff's ability to persist in sustained activities. Tr. 512.

At the April 2004 hearing, Frank Mendrick testified as a VE. The ALJ asked Mr. Mendrick whether plaintiff's past relevant work in sales could be performed by an individual with the limitations set forth by Dr. Freeman, which included a poor ability to rotate the neck, significant manipulative limitations, and the need to avoid walking on uneven surfaces or standing and walking for more than ½ hour at a time. The VE testified that an individual with these limitations could not perform plaintiff's past relevant work, primarily because plaintiff's past job required daily fine fingering and because working with contractors, as Metzger did, would require walking on rough surfaces and possibly standing for more than ½ hour at a time.

## ANALYSIS

Section 205(g) of the Social Security Act limits the scope of judicial review of the Commissioner's final determination, and provides that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). A court may reverse the Commissioner when the ALJ's decision is not supported by substantial evidence or is based on legal error. *Eads v. Secretary of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).

The ALJ followed the familiar five-step process for evaluating disability claims. *See* 20 C.F.R. 404.1520(a)(4)(i-iv). The ALJ found that Metzger's impairments did not qualify as a listed impairment, a finding which is not challenged in this appeal. The ALJ also found that Metzger retained the residual functional capacity (RFC) to perform his past relevant work. Therefore, the ALJ held that Metzger was not entitled to benefits.

On review of the administrative record, the Court concludes that substantial evidence in the record supports the finding that Metzger retained the RFC to perform his past relevant work. ALJ Dougherty rejected the findings of Dr. Freeman and VE Mendrick regarding Metzger's RFC. She did this in the context of a thorough and well-reasoned opinion wherein she recounted the inconsistences between plaintiff's alleged symptoms and his reports to his various physicians, as well as his daily activities. Her opinion was also supported by the conclusion of VE Pagella, who testified that Metzger retained the RFC to perform his previous job duties.

Metzger argues that the ALJ's opinion was in error because the ALJ cannot make medical judgments about RFC. Metzger expands on this argument by claiming that the ALJ was inappropriately "playing doctor" and making her own diagnoses regarding his impairments. *See, e.g., Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000); *Slakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003) (an ALJ improperly plays doctor when she makes a medical conclusion without expert evidence). However, the ultimate decision with respect to a claimant's RFC is reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2) (although we will consider opinions from physicians and other medical

-5-

Case 2:04-cv-01166-RTR   Filed 01/19/07   Page 5 of 6   Document 16

evidence, the final responsibility for deciding the issue of RFC is reserved to the Commissioner). It was within the ALJ's discretion to weigh the evidence and make her own finding regarding Metzger's RFC.

Metzger also argues that the ALJ made a "result-oriented" decision and disregarded the facts supporting his claim for benefits. Metzger has no support for this proposition other than his disagreement with the outcome and his apparent dislike for the ALJ. As noted above, the ALJ did not disregard the evidence supporting Metzger's claim. Rather, the ALJ engaged in a thorough analysis of the relevant evidence, ultimately concluding that the evidence supporting the Commissioner's decision was more persuasive.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Metzger's appeal is **DENIED**;

2. The Commissioner's decision is **AFFIRMED**; and

3. This matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2007.

                      **SO ORDERED,**

                      **s/ Rudolph T. Randa**
                      **HON. RUDOLPH T. RANDA**
                      **Chief Judge**